# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND, and COOPER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 RONALD L. NGUYEN**
**United States Army, Appellant**

ARMY 20230319

Headquarters, Fort Bragg
Tyler J. Heimann and J. Harper Cook, Military Judges
Colonel Joseph B. Mackey, Staff Judge Advocate

For Appellant: Captain Stephen R. Millwood, JA; Daniel Conway, Esquire (on brief); Captain Stephen R. Millwood, JA; Scott R. Hockenberry, Esquire (on reply brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Chase C. Cleveland, JA; Lieutenant Colonel Matthew T. Grady, JA (on brief).

12 March 2025

------------------------------------
SUMMARY DISPOSITION
------------------------------------

PENLAND, Judge:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of two specifications of rape, one specification of aggravated assault by strangulation, and one specification of assault consummated by battery, in violation of Articles 120 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928 [UCMJ]. The military judge sentenced appellant to a dishonorable discharge and confinement for seven years.[1]

Reviewing the case under Article 66, UCMJ, we have carefully considered appellant's assigned errors and personally asserted matters. None merit relief,

---

[1] The military judge found appellant not guilty of two specifications of sexual assault, one specification of assault consummated by battery, and one specification of burglary, in violation of Articles 120, 128, and 129, UCMJ.

though two assigned errors and one personally asserted matter warrant brief discussion.

Appellant assigns two errors arising from the military judge denying a defense motion to admit evidence, under Military Rule of Evidence [Mil. R. Evid.] 412, arising weeks after the victim reported appellant for rape. It is unnecessary to describe this evidence, for the military judge did not err in prohibiting it under this rule of exclusion; suffice to say defense counsel suggested the evidence as motive for the victim to continue fabricating allegations against appellant at trial.

The military judge, however, based his denial of this defense motion on two problematic lines of logic, *among others that were well-grounded*. First, he reasoned the victim's purported motive to fabricate was temporally limited to her immediate outcry following the rape; therefore, the subsequent evidence proffered under Mil. R. Evid. 412 could not indicate a motive to fabricate. Specifically, the military judge found, "any theory of 'motive to fabricate' on that basis illogical." We do not share this assessment, as a person's motive to fabricate is not necessarily tethered to only a single event or circumstance and may evolve as a case progresses. *Cf. United States v. Allison*, 49 M.J. 54, 57 (C.A.A.F. 1998). Second, in reaching his decision, the military judge considered – again, in part – the government's stated intent not to offer or otherwise address the proffered Mil. R. Evid. 412 evidence. This logic was also unavailing; the admissibility of defense evidence does not depend on the government's trial tactics, rather the relevance of said evidence and the ability of defense counsel to lay an adequate foundation for its admissibility. *United States v. Hennis*, 75 M.J. 796, 825 (C.A.A.F. 2016); *see also South Carolina v. Holmes*, 547 U.S. 319 (2006).

Despite these logic errors, the military judge's decision to exclude the proffered evidence was well within the bounds of reasonable judicial discretion. *E.g., United States v. Robinson*, 58 M.J. 429, 433 (C.A.A.F. 2003) ("the military judge's error was harmless, because the military judge reached the correct result, albeit for [some of] the wrong reason[s]."). The defense fell far short of its burden to show the excluded evidence was constitutionally required under Mil. R. Evid. 412(b)(3). Instead, it amounted to a textbook example of matters warranting exclusion under Mil. R. Evid. 403 because its low probative evidentiary value – if any - was substantially outweighed by the danger of confusing the issues by creating a time-wasting trial within a trial. The defense underscored this in their motion, if unwittingly, by asserting the purported need for a civil proceeding to address the evidence.

Appellant personally asserted ineffective assistance of counsel, because his trial defense team "fail[ed] to introduce appellant's exculpatory statement" given to a Criminal Investigation Division (CID) agent during an interview in May 2022. The prosecution offered a very brief excerpt of this interview. We ordered affidavits

from both defense counsel, seeking their explanation for not offering the entire interview under the rule of completeness.[2] Their responses reflect careful, well-reasoned logic for not seeking admission of the entire interview and instead eliciting only exculpatory information by cross-examining the CID agent. The defense approach to this evidence – and the case overall – was well within the scope of reasonable professional judgment and, it follows, not deficient.

## CONCLUSION

On consideration of the entire record, the findings and sentence are AFFIRMED.

Senior Judge FLEMING and Judge COOPER concur.

FOR THE COURT:

//JAMES W. HERRING, JR.
Clerk of Court

---

[2] Once a party introduces "all or part of a writing or recorded statement," the rule of completeness under Mil. R. Evid. 106 allows "an adverse party [to] require the introduction . . . of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time."